# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) 2:20-CR-173-1-NR |
| DA'JON LENGYEL, | ) |
| Defendant. | ) |

## **ORDER**

    Defendant Da'Jon Lengyel has request a change of plea hearing and moves to proceed with that hearing on the scheduled date by videoconference pursuant to the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), P.L. 116-136. For the reasons below, the Court will **GRANT** the motion.

    On March 27, 2020, the President signed the CARES Act. Section 15002(b)(2) of the CARES Act authorizes federal district courts to conduct certain federal criminal proceedings by video teleconferencing if: (1) the Judicial Conference of the United States finds that emergency conditions due to the pandemic have and will materially affect the functioning of federal courts; and (2) the chief judge of the federal district court then authorizes the use of video teleconferencing.

    On March 29, 2020, the Judicial Conference found that emergency conditions exist that have materially affected the functioning of the federal courts. The next day, Chief Judge Mark Hornak ordered that when there are "specific reasons that a felony plea" or a "felony sentencing" cannot "be further delayed without serious harm to the interests of justice, then with the consent of the defendant…and after consultation with counsel, the plea, sentencing, or equivalent proceeding may be conducted by video teleconference[.]" Administrative Order Regarding the Use of Video and Teleconferencing Technology in Certain Criminal Proceedings, 2:20-mc-466 (W.D. Pa. Mar. 30,

2019).  On April 27, 2021, Chief Judge Hornak renewed and extended the prior administrative order until September 30, 2021.

Based on the representations in the motion, the Court finds that Defendant's hearing cannot be further delayed without serious harm to the interests of justice.  The Court further finds that, as stated in the motion, Defendant voluntarily consents to conducting the proceeding by videoconference and knowingly waives his physical presence at the hearing.

Accordingly, a change of plea hearing will be conducted remotely for all parties and counsel using the Zoom videoconferencing application on **June 1, 2021** at **10:00 a.m.**  Prior to the hearing, all counsel, parties, and participants appearing remotely should conduct a speed test of their internet connection speed to ensure that it is at least 3 Mbps, and should download the Zoom app and perform a Zoom test at [www.zoom.us/test](www.zoom.us/test) to ensure that they can successfully connect to the hearing.  All participants should participate in the hearing using a device connected to the internet, as opposed to a cellular signal, unless they have tested and ensured that their cellular signal provides a better connection than an internet connection.  The Court reserves the right to discontinue the hearing at any time in the event there are technical issues.

Before the hearing, defense counsel shall confer with Defendant and obtain Defendant's authorization for his counsel to sign and execute the plea agreement and plea form on his behalf.  At the conclusion of the hearing, defense counsel shall scan and email PDF copies of the plea agreement and plea form to Courtroom Deputy Alex Vahlsing (alexander_vahlsing@pawd.uscourts.gov) and the government.  The PDF copies will be treated as originals for filing.  The Court will not deem these documents to be accepted until the Court formally accepts Defendant's plea at the conclusion of the hearing.

Pursuant to the Court's Practices and Procedures Section III(d): "If there is a plea agreement, the government should e-mail defense counsel and the Court a copy of the agreement seven days in advance of the hearing. At the same time, the government will be ordered to e-mail defense counsel and the Court the summary of the evidence it would present at trial so that defense counsel can review it with the defendant before the hearing." Thus, the Court further orders the government to e-mail Mr. Vahlsing and defense counsel the factual basis for the plea and the plea agreement, if any, by no later than **May 25, 2021**. If there are any disputes over the factual basis, including facts that Defendant intends to dispute, defense counsel must bring those disputes to Mr. Vahlsing's attention by emailing him a brief summary of the dispute by **May 31, 2021**.

Finally, Defendant having moved to conduct a change of plea hearing, it is ordered that the time period until Defendant's change of plea hearing, from April 29, 2021 to June 1, 2021, be deemed to be excluded under the Speedy Trial Act, 18 U.S.C. § 3161 et seq. Specifically, this time period is excluded as it results from Defendant's filing of a pretrial motion and requires a hearing. *See* 18 U.S.C. § 3161(h)(1)(D); *see also United States v. Mensah-Yawson*, 489 F. App'x 606, 609-10 (3d Cir. 2012); *United States v. Loughrin*, 710 F.3d 1111, 1120 (10th Cir. 2013); *United States v. Mallett*, 751 F.3d 907, 912 (8th Cir. 2014).

DATED this 5th day of May, 2021.

                                      BY THE COURT:

                                      */s/ J. Nicholas Ranjan*
                                      United States District Judge